UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL PAPAZIAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN, USP-ATWATER,<br><br>　　　　　Respondent. | No. 1:24-cv-00851-SKO (HC)<br><br>**ORDER DENYING MOTION TO DISMISS [Doc. 7]**<br><br>**ORDER DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION**<br><br>**[THIRTY DAY DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties having consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c), on October 8, 2024, the matter was reassigned to the undersigned for all purposes including entry of final judgment. (Doc. 9.)

Petitioner filed the instant petition on July 24, 2024. (Doc. 1.) On July 26, 2024, the Court issued an order directing Respondent to file a response. (Doc. 4.) On September 24, 2024, Respondent filed a motion to dismiss the petition. (Doc. 7.) Upon review of the pleadings, the Court will deny the motion and direct Respondent to file an answer.

**DISCUSSION**

A.　Motion to Dismiss for Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)

provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Respondent claims that the petition is written unclearly in narrative fashion.  Respondent contends it is unclear what § 2241 ground may be presented. Respondent's arguments lack merit because although not presented on a form petition, Petitioner's presentation is adequate.

In his opening paragraph, Petitioner sets forth his complaint. He "contest[s] the legality of denial of *nunc pro tunc* prior custody state credits, also known as Kayfez[1] credits." Petitioner then addresses why this Court should exercise jurisdiction over the case. In the next paragraph, Petitioner states he has administratively exhausted his claims in the Bureau of Prisons administrative remedy process.

Petitioner then expounds on his claim. He alleges the BOP failed to award him sentencing credits to which he is entitled for time served on a Nebraska state sentence pursuant to Kayfez.[2] He contends he should be awarded credits for time spent in Nebraska county jail from September 3, 2017 (date of the federal offense and USM-6 federal hold) to May 10, 2018 (completion of state sentence and transfer to federal custody). He contends he should receive federal credit under Kayfez because the federal hold prevented him from receiving early release and parole from his state sentence.

In sum, the Court does not find that the allegations presented in the petition to be vague, conclusory, or palpably incredible. Therefore, the Court will deny Respondent's motion to dismiss on these grounds.

---

[1] Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).

[2] BOP policy and case law has created two exceptions to Section 3585(b) to allow an inmate to receive presentence custody credits already credited to a concurrent state sentence when it is determined that the credits will be of "no benefit" to the federal prisoner. These credits are called Willis and Kayfez credits and are based on the judicially created exceptions to Section 3585(b) set forth in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is DENIED;

2) Respondent is DIRECTED to file an answer to the petition within thirty (30) days of the date of service of this order; and

3) Petitioner MAY FILE a traverse to Respondent's answer within thirty (30) days of the date of filing of the answer.

IT IS SO ORDERED.

Dated:   **October 23, 2024**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE