UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAPAZIAN,<br><br>            Petitioner,<br><br>     v.<br><br>WARDEN, USP-ATWATER,<br><br>            Respondent. | No. 1:24-cv-00851-SKO (HC)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties having consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), the matter was reassigned to the undersigned for all purposes, including entry of final judgment. (Docs. 6, 8, 9.)

On July 24, 2024, Petitioner filed a petition for writ of habeas corpus. (Doc. 1.) On January 22, 2025, Respondent filed a motion to dismiss and response to the petition. (Doc. 18.) Petitioner did not timely file an opposition to the motion.

For reasons discussed below, the Court will grant the motion to dismiss and dismiss the petition with prejudice.

/////

/////

1

**DISCUSSION**

**I.    Background**

*A.    Relevant Court Proceedings*

On October 2, 2012, Petitioner was convicted in the State of Nebraska for burglary and sentenced to 10 years in state prison. (Doc. 18-1 at 17, 19.)  While serving his state sentence, Petitioner suffered two additional convictions, both for assault by a confined person. (Id.) He was sentenced to terms of one year to be served consecutively to his burglary sentence. (Id.)

While serving his state sentence, on January 17, 2018, Petitioner was indicted in the United States District Court for the District of Nevada for knowingly and intentionally conspiring to distribute, with intent to distribute, 50 grams or more of methamphetamine. See Case No. 4:18CR3008 (D. Neb. 2018).

On January 24, 2018, Petitioner was borrowed from state authorities pursuant to a federal writ of habeas corpus ad prosequendum. (Doc. 18-1 at 11.)

On May 10, 2018, Petitioner was paroled from his state obligations and turned over to federal authorities. (Doc. 18-1 at 14, 17.)

On August 6, 2019, Petitioner was sentenced in the Nebraska District Court to a term of 292 months, which he is now serving. (Doc. 18-1 at 23-24.)

*B.    Federal Sentence Calculation*

The Bureau of Prisons ("BOP") calculated Petitioner's sentence based on the 292-month term of imprisonment.  The sentence commenced on August 6, 2019, and Petitioner was credited with prior custody credits from May 11, 2018, to August 5, 2019. (Doc. 18-1 at 43.) He was not credited for the approximately 8-month period of time spent in state custody from September 3, 2017, to May 10, 2018, as that time was credited against his state sentences.

**II.    Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that

2

sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner alleges he is being unlawfully denied credit against his federal sentence for time served in state custody between September 3, 2017, to May 10, 2018.  Thus, Petitioner is challenging the execution of his sentence rather than its imposition, and the claim is proper under 28 U.S.C. § 2241.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  Venue is therefore proper, since Petitioner is incarcerated at the United States Penitentiary in Atwater, California, and the institution is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

**III.    Commencement of Federal Sentence**

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001);

3

Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).  A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).  In this case, Petitioner's federal sentence commenced on August 6, 2019, when he was sentenced in the Nebraska District Court and taken into federal custody.

Title 18 U.S.C. § 3585 further provides, *inter alia*, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added).  Respondent acknowledges that Petitioner was entitled to and received credit for the time period between May 10, 2018, the date of Petitioner's parole from state custody, to August 5, 2019, the date prior to his sentencing date, as this was time Petitioner spent in custody that was "not credited against another sentence." 18 U.S.C. § 3585(b).

As to the period at issue here, September 3, 2017, to May 10, 2018, Respondent correctly states that Petitioner is not entitled to any credit because this time has already been credited toward a state sentence.  Specifically, Petitioner served this time in jail for his state conviction of assault on a confined person. Since Petitioner was credited with this time against his state sentence, he is not entitled to any credit against his federal sentence, which would in effect be double credits in violation of 18 U.S.C. § 3585(b).  See United States v. Wilson, 503 U.S. 329, 337; Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (*per curiam*) (concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time");  United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Additionally, it is well established that the sovereign that first acquires custody of a defendant in a criminal case "establishes its primary jurisdiction and may give effect to its sentence before other sovereigns may do so." Johnson v. Gill, 883 F.3d 756, 764-65 (9th Cir.

2018). That sovereign "determines whether to retain or surrender that custody." Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006). Therefore, as the State of Nebraska had custody of Petitioner first, it decided whether to retain him until his state sentences were exhausted. Petitioner was not in federal custody until state authorities paroled him from his state obligations. As a result, Petitioner's federal sentence did not begin "until he was finally received into federal custody . . ., after completing his state sentence." Id. at 1256.

For the foregoing reasons, the petition must be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's motion to dismiss (Doc. 18) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and
3. The Clerk of Court is DIRECTED enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **July 3, 2025**         /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE